STATE, Respondent, v. RUMBOLZ, Appellant.

(221 N. W. 91.)

(File No. 6465.  Opinion filed September 29, 1928.)

*Spangler & Morgan,* of Mitchell, for Appellant.

*Buell F. Jones,* of Britton, and *Bernard A. Brown,* of Pierre, for the State.

BROWN, J.   From a judgment of conviction for having possession of intoxicating liquor in a public place and an order denying a new trial, defendant appeals.

A material witness against defendant was Frank Palmer. Charles Bintliff, a federal prohibition officer, testified that he gave Palmer two $1 bills of which he had taken the numbers, and Palmer testified that he gave these bills to defendant on a street in the outskirts of Mitchell in payment for moonshine whisky which defendant brought to him there.   Defendant at the time was a barber in the city of Mitchell, and testified that he got these two bills and some other money from Palmer in the barber shop in exchange for a $5 bill.   Defendant was corroborated in this by two other witnesses.   These two bills and some other money were found on defendant's person when he was arrested.

Bintliff was asked what he told Palmer when he gave him the two bills.   This was objected to on the ground that it was incompetent, hearsay, and not binding on defendant. The objection was overruled, and he answered that, when he gave the

bills to Palmer, he told him those were the bills he was to hand to Rumbolz as evidence. If there was error in this ruling, it is not shown to be prejudicial. Defendant admits that he got the bills from Palmer. A witness for defendant was asked on direct examination if he had ever been arrested for any crime, and he replied that he had pleaded guilty to one four years ago which had something to do with liquor. On cross-examination, the prosecuting attorney, over proper objection of defendant's counsel, was permitted to ask a number of questions as to whether the witness had not been arrested at other times and places, to all of which he answered "No." Whereupon the prosecuting attorney asked, "And that is just as true as the rest of your testimony, is it?" which was objected to as argumentative. The objection was overruled and the witness answered, "Yes, sir." Defendant's own counsel, by asking his witness if he had ever been arrested for any crime, opened the door for the cross-examination of the prosecuting attorney as to whether the witness had been arrested at other times, and defendant cannot complain of the cross-examination which his direct examination invited.

■ ■ Defendant complains that his cross-examination of the witness Palmer was unduly restricted. By the questions excluded, defendant sought to show that Palmer was owing for his car, and having trouble in meeting his payments, and for that reason was interested in the conviction of defendant, since his compensation was dependent on the outcome of the case. Palmer had already testified that he was acting as an undercover man and stool pigeon, and that he was to get $40 or $50, depending on the expense, if he succeeded in convicting defendant. This certainly showed that he was interested in the outcome of the action, and we do not think the cross-examination was unduly restricted by exclusion of questions about his owing for his car. The argumentative question should have been excluded, but its admission was not prejudicial. Appellant concedes that there is sufficient evidence, if believed by the jury, to warrant a conviction.

The judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.